LOUISVILLE & P. CANAL CO. (UNITED STATES v.). See Case No. 15,633.

LOUISVILLE CEMENT CO. (KING v.). See Case No. 7,798.

LOUNSBURY (UNION MANUF'G CO. v.). See Case No. 14,368.

## Case No. 8,543.

### In re LOUNT.

[11 N. B. R. 315;[1] 7 Chi. Leg. News. 155.]

District Court, N. D. Illinois. Jan., 1875.

BANKRUPTCY — FAILURE OF CREDITOR TO APPEAR UPON CITATION—EFFECT OF CITATION—DEFAULT AGAINST CREDITOR.

1. Where a creditor fails to appear and submit to an examination of the claim he has proved against the bankrupt's estate under an order of examination, given in accordance with general order 34, in bankruptcy, the register should consider the objections to the claim as admitted.

2. The citation throws upon the creditor the burden of supporting his claim by further proof than that already filed.

3. It does not necessarily follow that any injustice would be done by taking the default of the creditor, because either party may "for satisfactory cause" review the action of the register before the court.

[In the matter of Ira A. and Charles W. Lount, bankrupts.]

BLODGETT, District Judge. It appears from a certificate of the register, before whom this case is pending, that on the 17th day of December last the register, at the request of the assignee, made an order for a re-examination of the claim theretofore proved up against said estate by Franklin Lount, and fixed the 4th day of January, 1875, at one o'clock p. m., as the time for a hearing and re-examination of said claim, of which order and time and place of hearing due notice was given said creditor; and that on the day fixed for said hearing the assignee appeared, but said creditor did not appear, and no testimony or proof was offered by said assignee. The register submits these facts to the court, and asks instruction as to the proper order to be entered by him in the premises. The last paragraph of the 34th rule in bankruptcy provides: "When the assignee or any creditor shall desire the re-examination of any claim filed against the bankrupt's estate, he may apply by petition to the register, to whom the case is referred, for an order for such re-examination; and thereupon the register shall make an order fixing a time for hearing the petition, of which due notice shall be given, by mail, addressed to the creditors. At the time appointed the register shall take the examination of the creditor, and of any witnesses that may be called by either party: and if it shall appear from such examination that the claim ought to be expunged or diminished, the register, if no objection be made, may order accordingly. If objection

[1] [Reprinted from 11 N. B. R. 315, by permission.]

be made, the register shall require the parties then, or within a time to be fixed for that purpose, to form an issue to be certified into court for determination. If the petitioner is in default in making up said issue, the petition shall be dismissed; if the creditor whose claim is re-examined is in default in making said issue, the claim may be diminished or expunged by the register. All orders thus made by the register may be reviewed by the court on special petition, and upon showing satisfactory cause for such review."

I think it clear that if the creditor fails to appear and submit to examination, as required by the notice given under this rule, the register may expunge or diminish the claim by default. The citation throws upon the creditor the burden of supporting his claim by further proof than that already filed, and is intended to give the objecting party the privilege of examining the creditor in regard to all facts necessary to a full understanding of the claim. The palpable intent of the rule is to secure the personal attendance of the creditor for examination before the register, or such action on the part of the creditor as will secure his examination elsewhere if he is unable to attend before the register. If a creditor is unable to attend in pursuance of the notice, he should take steps to procure a postponement until he can attend, or the taking of the examination elsewhere, before another register or commissioner, if need be. But if the creditor make default, I do not see what can be done by the register, save to expunge or diminish the claim according to the allegations or objections of the assignee. The register is to act unless objection is made by one of the parties, and if it appears to him the claim ought to be expunged, he shall order accordingly. And, in most cases, I think the failure of the creditor to respond to the notice should be construed as an admission that this claim should be expunged or diminished as alleged by the assignee. "If the creditor whose claim is examined is in default in making up the issue, the claim may be diminished or expunged by the register."

A creditor, it will be seen, may be defaulted and his claim expunged even after his examination has taken place, for default in making up the issue; and it seems full as reasonable to default him for failure to appear in the first instance. And it does not follow that any injustice would necessarily be done by such action, because either party may, "for satisfactory cause," review the action of the register before the court. My opinion and advice to the register therefore, in the case submitted, is, that he should expunge or diminish the claim according to the allegations of the assignee against it. In other words, he should consider the objections against the claim as admitted.